**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-5169**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MICKEY EDWARD RATTLER,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Bryson City.  Lacy H. Thornburg, District Judge.  (CR-03-40)

Submitted:  October 16, 2006             Decided:  March 8, 2007

Before MICHAEL and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

David B. Betts, Columbia, South Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Don D. Gast, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mickey Rattler appeals his sentence imposed after remand for resentencing for violation of 18 U.S.C. §§ 113(a)(6), 1153 (2000), assault inflicting serious injury within the Eastern Band of the Cherokee Indian Reservation. Rattler's sentence was vacated and remanded to the district court for reconsideration in light of United States v. Booker, 543 U.S. 220 (2005), and United States v. Hughes, 401 F.3d 540 (4th Cir. 2005). On appeal after resentencing, Rattler argues that his sentence is unreasonable because the district court did not adequately explain the reasons for its upward variance from the Sentencing Guidelines range in consideration of the 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006) factors. The Government argues that the sentence is reasonable because it falls within what would have been the properly calculated Guidelines range had the court not mistakenly believed that it was bound by jury findings. For the reasons that follow, we vacate Rattler's sentence and remand for resentencing.

We review a district court's sentence for unreasonableness, see Booker, 543 U.S. at 261, which "will largely depend upon the specific facts of each case and the district court's consideration and application of the § 3553(a) factors to those facts." United States v. Hampton, 441 F.3d 284, 287 (4th Cir. 2006). A post-Booker sentence may be unreasonable for procedural and substantive reasons. "A sentence may be

procedurally unreasonable, for example, if the district court provides an inadequate statement of reasons . . . . A sentence may be substantively unreasonable if the court relies on an improper factor or rejects policies articulated by Congress or the Sentencing Commission." United States v. Moreland, 437 F.3d 424, 434 (4th Cir.) (citations omitted), cert. denied, 126 S. Ct. 2054 (2006).

At the resentencing hearing, the Government argued that the calculation of the Guidelines range should not be different than the original calculation, and that the resentencing should only focus on what is a reasonable sentence in light of the previously established, now advisory, Guidelines range. Rattler argued that the Guidelines range must be recalculated based only on facts found by the jury. While the district court did not make a distinct ruling on whether it believed it was still bound only by jury findings when calculating the Guidelines range, the court's Guidelines calculation indicates that on remand the court erroneously believed that it was bound to recalculate the range based only on jury findings. See United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005), cert. denied, 127 S. Ct. 121 (2006) (a sentencing court treating the Guidelines as advisory continues to make factual findings concerning sentencing factors by a preponderance of the evidence). The court therefore calculated Rattler's new Guidelines range to be 30-37 months of imprisonment,

based on the jury findings alone.  After calculating the new Guidelines range, the district court decided to impose a variance sentence above the Guidelines range, stating that a sentence within the Guidelines range "would not be reasonable in a case in which such major serious injuries were inflicted and the manner of inflicting the injuries as appears from the evidence in this case." (J.A. 21).  The district court therefore imposed a sixty-three month term of imprisonment.

After Booker rendered the Sentencing Guidelines advisory, see 543 U.S. at 245, a district court must:

> (1) properly calculate the sentence range recommended by the Sentencing Guidelines; (2) determine whether a sentence within that range and within statutory limits serves the factors set forth in § 3553(a), and, if not, select a sentence that does serve those factors; (3) implement mandatory statutory limitations; and (4) articulate the reasons for selecting the particular sentence, especially explaining why a sentence outside of the Sentencing Guideline range better serves the relevant sentencing purposes set forth in § 3553(a).

United States v. Green, 436 F.3d 449, 456 (4th Cir. 2006).  A sentence "based on an error in construing or applying the Guidelines, . . . will be found unreasonable and vacated."  Id. at 457.  Here, because the district court erroneously believed it was bound by the jury findings in determining the proper advisory Guidelines range, we vacate the sentence imposed and remand for a proper calculation of the Guidelines range and a reconsideration of

- 4 -

whether a sentence within that range is consistent with the § 3553(a) factors. We continue to affirm the portion of the judgment assessing restitution, as noted in our previous opinion. We express no opinion on the reasonableness of the length of the sentence previously imposed. We deny Rattler's motion to expedite consideration of the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>